**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARMAINE DEROCHER, | |
| Plaintiff, | NO. 3:08-CV-0797 |
| v. | (JUDGE CAPUTO) |
| ZURICH AMERICAN INSURANCE COMPANY and UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Defendant Zurich American Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. 6.) For the reasons set forth below, Defendant's Motion will be denied.

Defendant has also filed a brief in support of said motion. (Doc. 9.) Plaintiff has not filed a brief opposing Defendant's motion within the fifteen day period allotted by Local Rule 7.6. Rule 7.6 states, in relevant part, "Any party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion." Therefore, pursuant to Local Rule 7.6, the Court will deem the Defendant's motion to dismiss to be unopposed. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 ("diversity") and 1367 ("supplemental").

**BACKGROUND**

Plaintiff is Charmaine Derocher, an individual residing in Blakeslee, Pennsylvania.

(Am. Comp. ¶ 1, Doc. 3.)  The Defendant is Zurich American Insurance Company ("Zurich"), a New York corporation with a principal place of business in Overland Park, Kansas.  (*Id.* ¶ 2.)  Zurich was formerly known as and currently operates Universal Underwriters Insurance Company ("Universal"), a Kansas corporation with a principal place of business in Overland Park, Kansas.  (*Id.* ¶¶ 2-3.)  Both Zurich and Universal regularly conduct business within the Commonwealth of Pennsylvania.  (*Id.*)

Plaintiff claims that on August 27, 1998, there was a policy providing auto insurance between Universal and Plaintiff's employer, B.W.P. Distributors.  (*Id.* ¶ 6.)  This policy provided for underinsured or uninsured motorist benefits in the amount of one million dollars ($1,000,000.00). (*Id.* ¶ 7.)  Sometime after the execution of this policy, Zurich assumed control of Universal and began adjusting claims under Universal's insurance policies. (*Id.* ¶ 8.)

On August 28, 1998, Plaintiff was injured in an auto accident in Monroe County, Pennsylvania while driving a vehicle owned by her employer, B.W.P Distributors (*Id.* ¶ 10.) The company insuring the other driver involved in the accident declared bankruptcy, thus leaving the other vehicle and driver uninsured.  (*Id.* ¶ 11.)  Upon learning of this company's bankruptcy declaration, Plaintiff notified Defendant that she intended to pursue uninsured motorist benefits in accordance with the policy purchased by B.W.P. Distributors.  (*Id.* ¶ 12; Sept. 18, 2000 Letter, Ex. B, Doc. 3.)

At the time of the accident, Defendant also provided workers' compensation coverage for Plaintiff's employer and have maintained a workers' compensation lien totaling one hundred two thousand, two hundred thirteen dollars and eighty-one cents ($102,213.81).

(Am. Compl. ¶¶ 13-14.) Following the August 28, 1998 accident, Defendant filed documents with the Pennsylvania Bureau of Workers' Compensation stating that Plaintiff had suffered a cervical strain in the accident. (*Id.* ¶ 15.) The parties appeared before a workers' compensation judge in multiple hearings where it was established that the Plaintiff injuries included lumbar radiculopathy and trochanteric bursitis along with the already-acknowledged cervical strain. (*Id.* ¶ 16; Sebastialnelli Ruling, Ex. C, Doc. 3.) In an effort to correct the injuries sustained in the August 28, 1998 accident, Plaintiff has undergone numerous medical procedures. (Am. Compl. ¶ 17.)

Following the accident, Defendant conducted an investigation of Plaintiff's claims. On February 15, 2001, Defendant obtained a written statement from Robert C. Bishop, a witness to the August 28, 1998 accident. (*Id.* ¶¶ 18-19.) Mr. Bishop's statement suggests that the Plaintiff was not at fault in causing the accident. (*Id.* ¶ 21; Bishop Statement, Ex. D, Doc. 3.) Plaintiff was not informed of Mr. Bishop's statement as obtained by Defendant until January 2006. (Am. Compl. ¶ 20.) The Defendant also obtained a medical opinion from Dr. Peter Feinstein saying that Plaintiff's back injuries are not causally related to the accident and that the Plaintiff is able to perform light or sedentary work as the result of her back condition. (*Id.* ¶¶ 24, 26.) This opinion contradicts the opinion of Dr. James Kim, Plaintiff's medical expert saying that the Plaintiff is totally disabled as a result of the injuries sustained in the accident. (*Id.* ¶ 23.) Plaintiff further alleges that the Defendant conducted surreptitious surveillance of her in August and September of 2006. (*Id.* ¶ 35.) None of the materials collected by the Defendant during its investigation were made available to the Plaintiff until just days before the November 2006 arbitration hearing. (*Id.* ¶ 36.)

On September 2, 2004, Plaintiff proposed settlement of her claim for three hundred seventy-five thousand dollars ($375,000.00).  (*Id.* ¶ 29; Sept. 2, 2004 Letter, Ex. E, Doc. 3.)  Defendant made no offer in return to Plaintiff until October 30, 2006, when they offered one hundred fifty thousand dollars ($150,000.00).  (Am. Compl. ¶ 31.)  In November 2006, the parties proceeded to arbitration, and on November 10, 2006, the arbitrators entered a decision awarding six hundred thousand dollars ($600,000.00) to Plaintiff. (*Id.* ¶ 32; Award of Arbitrators, Ex. F, Doc. 3.)  Defendant provided the Plaintiff with a release waiving any and all claims that Plaintiff had against Defendant, and withheld payment of the arbitration award when Plaintiff did not sign and return the release.  (Am. Compl. ¶ 33; Release, Ex. G, Doc. 3.)  Defendant also withheld payment of the arbitration award until they were provided with written confirmation that the workers' compensation lien totaling over one hundred thousand dollars ($100,000.00) would be satisfied out of the arbitration award proceeds.  (Am Compl. ¶ 34; Dec. 19, 2006 Letter, Ex. H, Doc. 3.)

Plaintiff filed her Complaint (Doc. 1) on April 29, 2008 and filed her Amended Complaint (Doc. 3) on May 9, 2008.  In the Amended Complaint, the Plaintiff alleges that, due to Defendant's conduct, she was deprived the use of funds from the time she presented her claim until December 21, 2006 and that she incurred significant expenses when obtaining counsel, naming an arbitrator, and otherwise pursuing her claim against Defendant.  (Am. Compl. ¶ 37.)  According to Plaintiff, these expenses caused her severe economic hardship and kept her from obtaining the medical care required for her injuries. (*Id.*)  In response to Defendant's conduct, the Plaintiff articulates two counts against Defendant.  In Count I, Plaintiff seeks compensatory, consequential and punitive damages from Defendant for a breach of contract contained in the insurance policy issued by the

4

Defendant.  (*Id.* ¶¶ 38-41.)  In Count II, Plaintiff seeks damages under a claim of bad faith pursuant to 42 Pa. C.S.A. § 8371.  (*Id.* ¶¶ 42-44.)  On July 21, 2008, Defendant filed its Answer to Plaintiff's Amended Complaint (Doc. 5), a Motion to Dismiss (Doc. 6), Disclosure Statements concerning the corporate relationships between Zurich and Universal (Docs. 7 & 8), and a Brief in Support of Zurich's Motion to Dismiss (Doc. 9).  Plaintiff has failed to file a brief within the time allotted by Local Rule 7.6, and the Defendant's Motion to Dismiss is now ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.      Breach of Contract**

"A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract and (3) resultant damages." *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999). "While not every term of a contract must be stated in complete detail, every element must be specifically pleaded." *Id.* In the present case, Defendant argues that

6

Plaintiff has not alleged the existence of any contract for insurance between Plaintiff and Zurich American Insurance Company.

In her complaint, Plaintiff alleges that at the time of the accident causing the injuries giving rise to this case, she was driving her employer's automobile and that this automobile was insured under a policy issued by Universal. (Am. Compl. ¶¶ 6, 10.) Defendant does not deny that Plaintiff's employer had a policy of insurance with Universal Underwriters Insurance Company, and Defendant does not deny that Plaintiff was driving her employer's vehicle at the time of the accident. (Def. Answer ¶¶ 6, 10, Doc. 5.) Plaintiff also states in her Amended Complaint that Universal Underwriters Insurance Company has since come to be known as Zurich American Insurance Company and that Zurich American is responsible for administering and adjusting plans written under the Universal Underwriters name. (Am. Compl. ¶¶ 2, 8, 9.) While Defendant denies these statements in its Answer to Plaintiff's Amended Complaint, (Def. Answer ¶¶ 2, 8, 9), on July 21, 2008, Universal Underwriters Insurance Company filed a Disclosure Statement with this Court pursuant to Federal Rule of Civil Procedure 7.1 revealing that Universal Underwriters Insurance Company is a wholly owned subsidiary of Zurich American Insurance Company. (Doc. 8.) In light of these allegations and disclosures, the Court finds that Plaintiff's Complaint states a plausible claim and presents a reasonable expectation that discovery will reveal evidence of an insurance contract between Plaintiff and Defendant. For this reason, the Court will deny Defendant's Motion to Dismiss with regard to Count I of Plaintiff's Amended Complaint.

## II.    Insurance Bad Faith

The Pennsylvania legislature has provided a statutory remedy for bad faith in the handling of insurance claims under Pennsylvania law. *D'Ambrosio v. Pennsylvania Nat'l*

*Mutual Casualty Ins. Co.*, 494 Pa. 501 (Pa. 1981). This statute provides that

> in an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371. Bad faith by an insurer is defined as

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Terletsky v. Prudential Property & Casualty Ins. Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994) (quoting BLACK'S LAW DICTIONARY 139 (6th ed. 1990)). "Therefore, in order to recover under a bad faith claim, a plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Keef v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218 (3d Cir. 2000) (*citing Kliger v. State Farm Mutual Automobile Ins. Co.*, 115 F.3d 230 (3d Cir. 1997); *Polselli v. Nationwide Mutual Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994); *Terletsky*, 649 A.2d 680).

In the current case, Defendant moves to dismiss Plaintiff's bad faith claim under Pennsylvania state law on the basis that no insurance contract existed between Plaintiff and Zurich American. As previously detailed in the Court's discussion of the Plaintiff's breach of contract claim, the allegations in Plaintiff's Amended Complaint, along with Disclosure Statements filed by Defendant in this case, present a reasonable expectation that discovery

will reveal evidence of an insurance contract between Plaintiff and Defendant.  Accordingly, the Court will deny Defendant's Motion to Dismiss with regard to Count II of Plaintiff's Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court will deny  Defendant Zurich American Insurance Company's motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).  (Doc. 6.)
An appropriate Order follows.


| October 16, 2008 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARMAINE DEROCHER, | |
| Plaintiff, | NO. 3:08-CV-0797 |
| v. | (JUDGE CAPUTO) |
| ZURICH AMERICAN INSURANCE COMPANY and UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | |
| Defendants. | |

## **ORDER**

**NOW**, this  16th  day of October, 2008, **IT IS HEREBY ORDERED** that Defendant Zurich American Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 6) is **DENIED**.

                                       /s/ A. Richard Caputo
                                       A. Richard Caputo
                                       United States District Judge